## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  February 23, 2017          521725
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

AARON M. CURRENT,
                        Appellant.
_____

Calendar Date:  January 17, 2017

Before:  Peters, P.J., McCarthy, Egan Jr., Rose and Mulvey, JJ.

                        _____


        Paul J. Connolly, Delmar, for appellant.

        Karen Heggen, District Attorney, Ballston Spa (Gordon W.
Eddy of counsel), for respondent.

                        _____


Peters, P.J.

        Appeal from an order of the County Court of Saratoga County
(Sypniewski, J.), entered August 11, 2015, which classified
defendant as a risk level three sex offender pursuant to the Sex
Offender Registration Act.

        In April 2014, defendant pleaded guilty to rape in the
third degree, admitting that he had engaged in sexual intercourse
with a 15-year-old girl when he was 21 years old (see Penal Law
§ 130.25 [2]).  In exchange, he was promised a 10-year period of
probation and a temporary no-contact order of protection was
issued in favor of the victim.  While out on bail awaiting
sentencing, defendant was arrested and charged with criminal
contempt in the second degree for violating that order by having
social media contact with the victim, and he was released on an

appearance ticket.  Approximately one week later, defendant
absconded with the victim and they were later located at a hotel
in Georgia, where defendant was arrested on a warrant and
returned to New York.  While in jail, defendant was arrested on
criminal contempt charges for violating an order of protection by
using another inmate to mail a letter to the victim while he was
incarcerated.  Defendant later pleaded guilty to one count of
criminal contempt in the second degree in satisfaction of all
charges related to his violations of the orders of protection.
Upon his convictions, County Court sentenced defendant to two
consecutive one-year jail terms.  In anticipation of his release,
the Board of Examiners of Sex Offenders prepared a risk
assessment instrument (hereinafter RAI) pursuant to the Sex
Offender Registration Act (see Correction Law art 6-C
[hereinafter SORA]) designating defendant as a presumptive risk
level three sex offender, which the People adopted.  Following a
hearing, County Court classified defendant as a risk level three
sex offender, and he now appeals.

Initially, we agree with defendant that 10 points were
improperly assessed for risk factor 8, his "[a]ge at first sex
crime."  The People submitted evidence that the victim had
recounted to police that her first sexual contact with defendant
had occurred in June 2011, when defendant was 19 years old and
she was 13 years old; defendant admitted that this incident had
occurred but claimed that the victim had been the aggressor.  As
defendant pointed out at the SORA hearing, however, he was never
charged with or convicted of a crime consisting of that conduct.
Under the criminal history section of the RAI, 10 points may be
assessed under risk factor 8 where "[t]he offender committed a
sex offense, that subsequently resulted in an adjudication or
conviction for a sex crime, at age 20 or less" (Sex Offender
Registration Act: Risk Assessment Guidelines and Commentary,
Guidelines, factor 8 [2006] [emphasis added]).  The commentary
similarly instructs, with regard to risk factor 8, that "criminal
convictions [and] youthful offender adjudications[1] . . . are to

_____

[1]  While the commentary to the guidelines includes juvenile
delinquency findings (see Sex Offender Registration Act: Risk
Assessment Guidelines and Commentary, at 6, 13 [2006]), this

be considered in scoring this category, as well as [risk factors] 9 [number and nature of prior crimes] and 10 [recency of prior felony or sex crime]" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13 [2006] [emphases added]). To that end, the commentary specifically indicates that, for purposes of the criminal history section of the RAI, "the term 'crime' includes criminal convictions [and] youthful offender adjudications" and that "[c]onvictions for Penal Law offenses and unclassified misdemeanors should be considered" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 6 [2006]). The commentary further clarifies that, "[w]here an offender has admitted committing an act of sexual misconduct for which there has been no such judicial determination, it should not be used in scoring his [or her] criminal history" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 7 [2006]).

The People argue that defendant's age of 19 when he committed his first sex offense is relevant to his risk of recidivism because "those who offend at a young age are more prone to reoffend" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13 [2006]), regardless of whether that offending misconduct resulted in a conviction. The guidelines and commentary clearly provide, however, that the assessment of points under risk factor 8 requires a criminal conviction or adjudication (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 6-7, 13 [2006]; People v Robertson, 101 AD3d 1671, 1672 [2012]). This interpretation of the word "crime" in the phrase "first sex crime" under risk factor 8, as requiring a conviction or adjudication, is consistent with the interpretation of the word crime in the phrases "prior crimes" and "prior felony or sex crime" under risk factors 9 and 10 (see People v Barney, 126 AD3d 1245, 1246 [2015], lv denied 25 NY3d 912 [2015]; People v Arroyo, 54 AD3d 1141, 1141 [2008], lv denied 11 NY3d 711 [2008]; see also

Court has recognized that points may not be assessed for criminal history consisting of a juvenile delinquency adjudication (see People v Updyke, 133 AD3d 1063, 1063-1064 [2015]; People v Shaffer, 129 AD3d 54, 55 [2015]).

Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13-14 [2006]; compare People v Neuer, 86 AD3d 926, 926-927 [2011], lv denied 17 NY3d 716 [2011]). While proof of the commission of a prior sex crime committed by an offender at age 20 or under that did not result in a conviction or adjudication may be relied upon to argue in favor of an upward departure (see People v McCollum, 41 AD3d 1187, 1188 [2007], lv denied 9 NY3d 807 [2007]; People v Heichel, 20 AD3d 934, 935 [2005]), the People did not request this alternative relief from County Court at any point. Accordingly, 10 points should be deducted from the RAI under risk factor 8.[2]

However, we are not persuaded that defendant was improperly assessed 10 points for failure to accept responsibility under risk factor 12. Following defendant's guilty plea to statutory rape, which may constitute evidence of his acceptance of responsibility, he repeatedly violated the orders of protection

---

[2] We recognize that the commentary provides that, in completing the RAI, the Board and the SORA court will often utilize the defendant's case file and may rely on "any other reliable source" including "the sex offender's admissions" and the victim's statements"; they are "not limited to the crime[s] of conviction but may consider [reliable sources] in determining an offender's risk level" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]; see People v Mingo, 12 NY3d 563, 572 [2009]). However, this Court has limited its application of the latter principle to the assessment of points in the RAI under "current offenses" and has not applied it to the offender's "criminal history" (see People v Smith, 128 AD3d 1189, 1189-1190 [2015]; People v Tubbs, 124 AD3d 1094, 1094-1095 [2015]; People v Snay, 122 AD3d 1012, 1013 [2014], lv denied 24 NY3d 916 [2015]; People v Clavette, 96 AD3d 1178, 1179-1180 [2012], lv denied 20 NY3d 851 [2012]; but see People v Slotman, 112 AD3d 1332, 1333 [2013]). This practice is consistent with the rules governing statutory construction, that specific provisions — such as those applicable to the criminal history factors in the RAI requiring criminal convictions or adjudications — govern over more general pronouncements (see McKinneys Cons Laws of NY, Book 1, Statutes § 239 [b]).

in place to protect the victim by making contact with her, providing her with cell phones and absconding, taking her out of state. In assessing defendant's failure to accept responsibility, County Court reasonably relied upon this repeated and flagrant postplea conduct, which it characterized as an "open disregard" and "almost . . . an intentional defiance of court orders regarding contact with the victim." These actions are reflective of defendant's poor prospects for rehabilitation and lack of remorse, as well as his "unwillingness to alter his behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 16 [2006]), which are relevant to the genuineness of his acceptance of responsibility (see People v Ford, 25 NY3d 939, 941 [2015]). Under these circumstances, notwithstanding defendant's earlier guilty plea, the record supports the court's "finding that defendant failed to genuinely accept responsibility for his actions" (People v Lerch, 66 AD3d 1088, 1088 [2009], lv denied 13 NY3d 715 [2010]; accord People v Benson, 132 AD3d 1030, 1031-1032 [2015], lv denied 26 NY3d 913 [2015]).

County Court also properly relied upon defendant's conduct in sending correspondence to the victim in violation of the order of protection in assessing points under risk factor 13 for "conduct while confined." To the extent that the court, in its oral ruling, may have also relied upon that jailhouse conduct in assessing points for failure to accept responsibility under risk factor 12, we find no error or prejudice given the numerous independent grounds for the assessment of 10 points under risk factor 12.

Accordingly, defendant's total score on the RAI is reduced to 100, resulting in a presumptive classification as a risk level two sex offender. While the People request that we remit the matter to permit them an opportunity to advocate in favor of an upward departure, they did not make this alternative request in County Court in response to defendant's stated opposition to the presumptive classification. Accordingly, the People failed to preserve this claim and are not entitled to a second opportunity to propound such argument (see People v Gillotti, 23 NY3d 841, 861 n 5 [2014]).

McCarthy, Egan Jr., Rose and Mulvey, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, and defendant is classified as a risk level two sex offender under the Sex Offender Registration Act.


ENTER:

Robert D. Mayberger
Clerk of the Court