People v Williamson (2020 NY Slip Op 01863)





People v Williamson


2020 NY Slip Op 01863


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

526760

[*1]The People of the State of New York, Respondent,
v
Chester Williamson, Appellant.

Calendar Date: February 11, 2020

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Adam G. Parisi, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the County Court of Schenectady County (Sypniewski, J.), entered January 10, 2019, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2008, defendant pleaded guilty to aggravated sexual abuse in the second degree in satisfaction of a three-count indictment and was sentenced to 12 years in prison followed by 15 years of postrelease supervision. In 2018, in anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level three sex offender (145 points) and recommended no downward departure from the presumptive risk level, and the Board further recommended that defendant be designated a sexually violent offender. County Court adopted the Board's recommendations following a hearing, and defendant appeals.
Defendant initially points out that, with respect to risk factors 1, 2, 5, 7, 9 and 10, the subject order fails to satisfy the requirement that County Court issue a written order setting forth its findings of fact and conclusions of law (see Correction Law § 168-n [3]; People v Lavelle, 172 AD3d 1568, 1569 [2019], lv denied 33 NY3d 909 [2019]; People v Scott, 157 AD3d 1070, 1071 [2018]). However, defendant does not go on to challenge the points assessed for those factors. Instead, defendant argues only that the court erred in its assessment of points under risk factors 11, 12 and 13, and the court's oral findings with respect to these factors — incorporated by reference into the written order — are clear, supported by the record and sufficiently detailed to permit intelligent review thereof (see People v Secor, 171 AD3d 1314, 1314 n 1 [2019]; People v Burke, 139 AD3d 1268, 1269 [2016], lv denied 28 NY3d 909 [2016]; People v Labrake, 121 AD3d 1134, 1135 [2014]).
We reject defendant's challenge to the assignment of 15 points under risk factor 11 for a history of drug or alcohol abuse. The assignment of points under risk factor 11 is warranted "if an offender has a substance abuse history or was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act Risk Assessment Guidelines and Commentary at 15 [2006]; see People v Palmer, 20 NY3d 373, 378 [2013]), and it has been recognized that "[a]lcohol and drug abuse are highly associated with sex offending . . . not [because they] cause deviate behavior [but,] rather, [because they] serve[] as a disinhibitor and therefore [are] a precursor to offending" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see Correction Law § 168-l [5] [a] [ii]). In 2005, defendant pleaded guilty to attempted burglary in the second degree, and, at the time of his arrest, admitted to being "high," "drunk" and "out of it" during the commission of that crime. Similarly, when defendant was apprehended during the commission of the instant offense, it was observed that he had the odor of alcohol on him. Prior to the foregoing burglary conviction, defendant had been referred for counseling as the result of a positive drug screening that occurred while under parole supervision. Between 2011 and 2012, defendant incurred three tier III violations relating to drug use and was referred to an alcohol and substance abuse treatment program. The People's case summary also reflects that, in October 2017, during a substance abuse evaluation by the Department of Corrections and Community Supervision, defendant identified alcohol use beginning at the age of 18, noting that he would consume up to 18 beers once a week, and weekly marihuana use beginning at the age of 20 to cope with depression. Thereafter, defendant was diagnosed with cannabis disorder — moderate. While defendant denies any alcohol or illegal drug use since he was released from prison in 2007, for the majority of that time he was again in prison, and a "history of abstinence while incarcerated is not necessarily predictive of his behavior when no longer under such supervision" (People v Wilson, 167 AD3d 1192, 1194 [2018] [internal quotation marks and citation omitted]). Based on his history of marihuana and alcohol use, his use of intoxicating substances during the commission of prior crimes and his continued substance use while incarcerated, we find that points were appropriately assessed under risk factor 11 (see People v George, 177 AD3d 1045, 1046-1047 [2019]; People v Secor, 171 AD3d 1314, 1315 [2019]; People v LaShomb, 161 AD3d 1465, 1467 [2018]; People v Liddle, 159 AD3d 1286, 1287 [2018], lv denied 32 NY3d 905 [2018]; compare People v Brown, 178 AD3d 1167, 1167 [2019]; People v Saunders, 156 AD3d 1138, 1140 [2017]).
Defendant's contention that County Court erred in assessing 15 points under risk factor 12, acceptance of responsibility, is similarly without merit. The subject points were assessed under the subcategory for expulsion from treatment, and the case summary indeed reveals that defendant was removed from the Sex Offender Counseling and Treatment Program for unacceptable participation and attendance (see People v Hebert, 163 AD3d 1299, 1300 [2018], lv denied 32 NY3d 909 [2018]; People v Aldana, 154 AD3d 1020, 1021 [2017]; People v Current, 147 AD3d 1235, 1238 [2017]; People v Benson, 132 AD3d 1030, 1032 [2015], lv denied 26 NY3d 913 [2015]).
We also agree with County Court's assessment of 10 points under risk factor 13 regarding defendant's conduct while confined. It was established that defendant has had eight separate sanctions while incarcerated, four at the tier II level and four at the tier III level, the most recent being approximately one year before the hearing (see People v Guadeloupe, 173 AD3d 910, 911 [2019], lv denied 34 NY3d 903 [2019]; People v Holmes, 166 AD3d 821, 822 [2018], lv denied 33 NY3d 901 [2019]; People v Middlemiss, 153 AD3d 1096, 1098 [2017], lv denied 30 NY3d 906 [2017]; People v Bove, 52 AD3d 1124, 1125 [2008]). Additionally, as he acknowledges, defendant's claim that the imposition of points under this risk factor and risk factor 11 constitute impermissible double counting is unpreserved for our review (see People v Coe, 167 AD3d 1175, 1177 [2018]; People v Dipilato, 155 AD3d 792, 793 [2017]). In any event, the assessment of points under the two foregoing risk factors did not constitute double counting notwithstanding the fact that some of defendant's unsatisfactory conduct while supervised was related to drug use (see People v Current, 147 AD3d 1235, 1238 [2017]; People v Carlberg, 145 AD3d 1646, 1647 [2016]). Moreover, even if the points under this factor were removed, defendant would still remain a presumptive risk level three sex offender (see People v Hinson, 170 AD3d 1385, 1388 [2019]).
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.