People v Mathews (2020 NY Slip Op 01864)





People v Mathews


2020 NY Slip Op 01864


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

527411

[*1]The People of the State of New York, Respondent,
v
Russell A. Mathews, Appellant.

Calendar Date: February 13, 2020

Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Michael T. Baker, Acting Public Defender, Binghamton (Alexander M. Keene of counsel), for appellant.
Michael A. Korchak, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the County Court of Broome County (Cawley Jr., J.), entered August 29, 2018, which classified defendant as a risk level two sex offender under the Sex Offender Registration Act.
In 2013, defendant pleaded nolo contendere in Pennsylvania to indecent assault, a sexually violent offense, and was sentenced to a prison term of nine months to five years as a consequence of his conduct in subjecting a six-year-old child to sexual contact (see 18 Pa. C.S. § 3126 [a] [7]). He was released on February 2, 2018, following the maximum expiration of his sentence. Upon his relocation to Broome County, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (100 points) in accordance with the Sex Offender Registration Act (see Correction Law art 6—C) (see Correction Law §§ 168-a [2] [a] [i]; [d] [i]).[FN1] At the risk assessment hearing, the People adopted the Board's risk assessment recommendation and defendant challenged the assessment of points under several risk factors. County Court assessed a risk factor score of 100, classified defendant as a risk level two sex offender and denied his request for a downward departure. Defendant appeals.
Defendant contends that he should not have been assessed 15 points under both risk factor 12, for not accepting responsibility for his conduct and refusing sex offender treatment, and risk factor 14, for release without supervision, and that assessing points under both risk factors constitutes double counting. We disagree. With regard to risk factor 12, the sex offender guidelines provide that "[a]n offender who does not accept responsibility for his [or her] conduct or minimizes what occurred is a poor prospect for rehabilitation," and that refusal to participate in sex offender treatment is "powerful evidence of the offender's continued denial and his [or her] unwillingness to alter his [or her] behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]). The case summary and other reliable documentary evidence established that, when he was interviewed by police, defendant denied the charged conduct and blamed the victim and another child (see People v DePerno, 165 AD3d 1351, 1352 [2018], lv denied 32 NY3d 915 [2019]). Defendant also explicitly "refused" treatment while incarcerated (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; cf. People v Ford, 25 NY3d 939, 941 [2015]). Contrary to his claims, a plea of nolo contendere, like an Alford plea (see North Carolina v Alford, 400 US 25 [1970]), "does not entail an admission of culpability and, thus, may properly be treated as a refusal to accept responsibility," along with other relevant circumstances, for purposes of risk factor 12 (People v Matthie, 34 AD3d 987, 990 [2006], lvs denied 8 NY3d 805, 847 [2007]; see People v Briggs, 86 AD3d 903, 904 [2011]; People v Hazen, 47 AD3d 1091, 1092 [2008]; see also Matter of Kasckarow v Board of Examiners of Sex Offenders of State of N.Y., 25 NY3d 1039, 1042 [2015]; Matter of Silmon v Travis, 95 NY2d 470, 474-477 [2000]).[FN2] In view of the foregoing facts, we find that the record amply supports County Court's conclusion that defendant failed to genuinely accept responsibility for his actions and refused treatment, warranting the assignment of 15 points under risk factor 12 (see People v Briggs, 86 AD3d at 904; People v Mercado, 55 AD3d 583, 583-584 [2008], lv denied 11 NY3d 714 [2008]; People v Brister, 38 AD3d 634, 634 [2007], lv denied 8 NY3d 815 [2007]; People v Matthie, 34 AD3d at 990).
In challenging the assessment of 15 points under risk factor 14, defendant does not dispute that he was released from a Pennsylvania prison without any supervision. Rather, his argument is that he was held until the maximum expiration of his sentence and released without supervision solely due to his refusal to participate in a sex offender treatment program and, thus, County Court impermissibly double counted his refusal to participate in treatment under both risk factors 12 and 14. However, the purpose of the risk level determination is "to assess the risk of a repeat offense by [a] sex offender and the threat posed to the public safety" (Correction Law § 168—l [5]; see People v Mingo, 12 NY3d 563, 571 [2009]) and, to that end, "[t]he guidelines emphasize the importance of strict supervision to avoid repeat offenses when sex offenders are released into the community" (People v Grimm, 107 AD3d 1040, 1043 [2013], lv denied 21 NY3d 1042 [2013], citing Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; see People v Saravia, 154 AD3d 1022, 1024 [2017]). As there is no dispute that defendant was a convicted sex offender who was released without any supervision, regardless of the reasons for the lack of supervision, he was properly assessed 15 points under this risk factor (see People v Saravia, 154 AD3d at 1024; People v Middlemiss, 153 AD3d 1096, 1098 [2017], lv denied 30 NY3d 906 [2017]; People v Leeks, 43 AD3d 1251, 1252 [2007]). There has been no finding that supervision would not reduce defendant's risk of reoffending, and the fact that his refusal to undergo treatment resulted in his later unsupervised release did not reduce his risk of recidivism or constitute an impermissible double counting with regard to factor 12.
Although we agree with defendant that the County Court should have applied a preponderance of the evidence standard to defendant's request for a downward departure, remittal is unnecessary as the record is sufficient to enable this Court to review defendant's contentions under the proper standard (see People v Gillotti, 23 NY3d 841, 845, 861 [2014]; People v Coe, 167 AD3d 1175, 1176 [2018]; People v Simons, 157 AD3d 1063, 1065 [2018]). In seeking a downward departure, it was defendant's burden to demonstrate, "by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Wilson, 167 AD3d 1192, 1193 [2018] [internal quotation marks and citation omitted]). Defendant argues that a downward departure was warranted in that, had he been sentenced in New York, he would have received a period of postrelease supervision and, thus, he would not have been assessed 15 points under risk factor 14 for unsupervised release (see Penal Law §§ 70.45
[2-a]; 70.80 [1], [9]). However, even deducting the 15 points assessed under risk factor 14, defendant would have a total risk score of 85, still a presumptive risk level two sex offender. More to the point, the reason for his unsupervised release — refusal to participate in sex offender treatment — does not minimize his risk of reoffending and is certainly not a mitigating factor. Upon our review of the record under the proper standard, we do not find that there were mitigating factors present that were not adequately taken into consideration by the guidelines and, thus, we are satisfied that County Court did not abuse its discretion in denying the requested downward departure and in classifying defendant as a risk level two sex offender (see People v Gillotti, 23 NY3d at 861).
Garry, P.J., Lynch, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Defendant's crime of conviction in Pennsylvania would constitute sexual abuse in the second degree in New York (see Penal Law § 130.60 [2]).

Footnote 2: The plea minutes are not included in the record on appeal, and defendant made no argument at the risk assessment hearing that, during the plea proceedings or at any time thereafter, he admitted to the conduct underlying the indecent assault charge or accepted responsibility for that conduct.