People v Hackel (2020 NY Slip Op 03704)





People v Hackel


2020 NY Slip Op 03704


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

528943

[*1]The People of the State of New York, Respondent,
v
Matthew P. Hackel, Appellant.

Calendar Date: June 9, 2020

Before: Lynch, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Michael T. Baker, Public Defender, Binghamton (Alexander M. Keene of counsel), for appellant.
Michael A. Korchak, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Pritzker, J.
Appeal from an order of the County Court of Broome County (Dooley, J.), entered February 28, 2019, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to the reduced charge of attempted sexual abuse in the first degree and was sentenced to 2½ years in prison followed by five years of postrelease supervision. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level three sex offender (130 points). At the ensuing hearing, the People adopted the Board's risk assessment, and defendant challenged certain of the points assessed and sought a downward departure from the presumptive risk level classification. County Court classified defendant as a risk level three sex offender with a sexually violent offender designation and denied his request for a downward departure. Defendant appeals.
Defendant initially contends that he improperly was assessed points under risk factors 12 (acceptance of responsibility) and 13 (conduct while confined). We disagree. "The People are required to establish the risk level classification by clear and convincing evidence, and may use reliable hearsay — such as the presentence investigation report, a victim statement, and the case summary — to meet their burden" (People v Belile, 108 AD3d 890, 890 [2013] [citations omitted], lv denied 22 NY3d 853 [2013]; see People v George, 177 AD3d 1045, 1045 [2019], lv denied 35 NY3d 901 [2020]; People v Liddle, 159 AD3d 1286, 1286 [2018], lv denied 32 NY3d 905 [2018]).
With respect to risk factor 12, defendant challenges the 15 points imposed under the subcategory entitled "[n]ot accepted responsibility/refused or expelled from treatment." In this regard, although the case summary indeed indicates that defendant was removed from sex offender treatment for "disciplinary reasons," the very next sentence states that defendant thereafter "refus[ed] to participate in programming." Similarly, although defendant ultimately expressed remorse for his conduct, the presentence investigation report reflects that defendant initially failed to take responsibility for his crime and largely blamed the 14-year-old victim, contending that she came on to him. In short, defendant's refusal to participate in sex offender treatment and corresponding failure to genuinely accept responsibility for his actions fully supports the 15 points assessed under this risk factor (see People v Mathews, 181 AD3d 1103, 1104 [2020]; People v Middlemiss, 153 AD3d 1096, 1097-1098 [2017], lv denied 30 NY3d 906 [2017]). We reach a similar conclusion regarding the assessment of 10 points under risk factor 13, as the record reflects that, over the course of 16 months, defendant received two tier III sanctions and three tier II sanctions (see People v Thomas, 59 AD3d 783, 785 [2009]) — the most recent being approximately 10 months before the hearing (see People v Williamson, 181 AD3d 1100, 1102 [2020]).
As for defendant's request for a downward departure, defendant was required "to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Secor, 171 AD3d 1314, 1315 [2019] [internal quotation marks and citations omitted]; accord People v Wilson, 167 AD3d 1192, 1193 [2018]). No mitigating factors were identified at the hearing; rather, defense counsel simply requested that County Court consider reducing defendant's classification to a risk level two sex offender. Under these circumstances, County Court properly denied defendant's request for a downward departure. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Devine, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.