People v Odell (2021 NY Slip Op 04935)





People v Odell


2021 NY Slip Op 04935


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

527966
[*1]The People of the State of New York, Respondent,
v
Edward Odell, Appellant.

Calendar Date:August 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Angela Kelley, Albany, for appellant.
David J. Clegg, District Attorney, Kingston, for respondent.



Egan Jr., J.P.
Appeal from an order of the County Court of Ulster County (Williams, J.), entered August 17, 2018, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2010, defendant pleaded guilty to two counts of course of sexual conduct against a child in the second degree and was sentenced to consecutive terms of imprisonment and a period of postrelease supervision. Prior to his release from prison in 2018, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (100 points). Although the People did not request an upward departure, they did request that defendant be scored an additional 10 points each under risk factors 12 (acceptance of responsibility) and 13 (conduct while confined), which would result in a presumptive risk level three classification (120 points). At the risk level classification hearing that followed, defendant opposed the additional points requested by the People and urged County Court to accept the Board's presumptive risk level classification. County Court granted the People's request and classified defendant as a risk level three sex offender. Defendant appeals.
We affirm. The People bore the burden of establishing the risk level classification by clear and convincing evidence (see People v Conrad, 193 AD3d 1187, 1188 [2021]; People v Henry, 182 AD3d 939, 939 [2020], lv denied 36 NY3d 901 [2020]). To that end, the People "may use reliable hearsay — such as the presentence investigation report, a victim statement, and the case summary — to meet their burden" (People v Hackel, 185 AD3d 1118, 1119 [2020] [internal quotation marks and citations omitted]; see People v Benton, 185 AD3d 1103, 1104 [2020], lv denied 35 NY3d 916 [2020]).
Defendant's disciplinary history indicates that he received five tier II disciplinary sanctions and two tier III disciplinary sanctions while confined, including a tier III sanction for assault on staff in 2013 and a tier II sanction for, among other things, providing false information in 2017 (see e.g. People v Williamson, 181 AD3d 1100, 1102 [2020]). Accordingly, the imposition of 10 points under risk factor 13 for unsatisfactory conduct while confined was fully supported by the record.
Even assuming, without deciding, that defendant should not have been assessed an additional 10 points under risk factor 12, we note that the points properly imposed under risk factor 13 nonetheless result in a presumptive risk level three classification (110 points) (see generally People v Bove, 52 AD3d 1124, 1125 [2008]). As such, modification of County Court's risk level classification is not warranted. Defendant's due process argument is unpreserved for our review and, in any event, is lacking in merit (see People v Tubbs, 124 AD3d 1094, 1095 [2015]).
Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without [*2]costs.