People v Dorvee (2022 NY Slip Op 01854)





People v Dorvee


2022 NY Slip Op 01854


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

529305
[*1]The People of the State of New York, Respondent,
v
Justin K. Dorvee, Appellant.

Calendar Date:February 15, 2022

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Fisher, JJ. 

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.



Garry, P.J.
Appeal from an order of the County Court of Warren County (Hall Jr., J.), entered May 23, 2019, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2008, defendant pleaded guilty to one count of attempted use of a child in a sexual performance and five counts of possessing a sexual performance by a child, and an aggregate term of imprisonment was imposed. After the Department of Corrections and Community Supervision determined that a portion of defendant's sentence was illegal, County Court resentenced defendant in 2017 to an aggregate prison term of 6&frac13; to 19 years. Upon appeal, this Court affirmed (172 AD3d 1783 [2019]).
Thereafter, and in anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (90 points). The Board sought an override to a presumptive risk level three classification based upon "a clinical assessment that [defendant] has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 19 [2006]). Following a hearing, at which defendant sought a downward departure from the requested classification, County Court applied the override and classified defendant as a risk level three sex offender. This appeal ensued.
We affirm. The People bear the burden of establishing the appropriate risk level classification by clear and convincing evidence (see People v Conrad, 193 AD3d 1187, 1188 [2021]; People v Hackel, 185 AD3d 1118, 1119 [2020]). Although an offender's risk level classification presumptively is based upon the points assessed on the risk assessment instrument, there are four overrides that will result in a presumptive risk level three classification, including — as relevant here — a clinical determination that the offender suffers from an "abnormality that decreases his [or her] ability to control impulsive sexual behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 19 [2006]; see generally People v Bush, 172 AD3d 1827, 1828 [2019]; People v Jones, 172 AD3d 1786, 1787 [2019]). An offender seeking a downward departure from the presumptive risk level classification must "demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Mathews, 181 AD3d 1103, 1105 [2020] [internal quotation marks and citations omitted]; accord People v Holton, 193 AD3d 1212, 1213 [2021]).
Defendant was evaluated by two psychologists. He does not dispute that both psychologists diagnosed him with fetishistic and pedophilic disorders — specifically, hebephilia, i.e., a sexual preference for children in early adolescence. Defendant admitted to both evaluators that, over the [*2]course of a four-year period, he amassed a computer collection consisting of 24,000 images of young boys, approximately 100 videos of minors engaged in sexual activities and 300 images of neighborhood children at play. Additionally, the record reflects that, while he was incarcerated on federal charges, defendant incurred disciplinary violations for possessing pornographic and other unauthorized media materials and engaging in sexual acts with other incarcerated individuals.
Defendant now contends that County Court erred in failing to grant his request for a downward departure from the presumptive risk level three classification — primarily relying upon his successful completion of sex offender treatment while incarcerated on the underlying state charges and his assertion that he was a non-contact offender. Preliminarily, although County Court mistakenly applied the clear and convincing evidence standard to defendant's request, "remittal is unnecessary as the record is sufficient to enable this Court to review defendant's contentions under the proper standard" (People v Mathews, 181 AD3d at 1105; see People v Coe, 167 AD3d 1175, 1177 [2018]). As to the merits, the fact that defendant completed sex offender treatment while incarcerated in state prison was taken into account in the scoring reflected on the risk assessment instrument (see People v DePerno, 165 AD3d 1351, 1352 [2018], lv denied 32 NY3d 915 [2019]; People v Kotzen, 100 AD3d 1162, 1163 [2012], lv denied 20 NY3d 860 [2013]) and, therefore, does not constitute a mitigating factor. Further, to the extent that defendant contends that the report submitted by his evaluating psychologist should be afforded greater weight because it was prepared after he completed sex offender treatment and, hence, represents the most recent assessment of his likelihood to reoffend, we note that the weight given to the respective evaluations was a matter committed to County Court's discretion (see People v Wheeler, 144 AD3d 1341, 1342 [2016]).
Finally, defendant asserts, and his evaluating psychologist opined, that defendant's risk of reoffending is reduced by various factors, including the fact that he is "socially phobic and avoidant" and "has not had any pedophilic/hebephilic contact offenses" (emphasis omitted). However, this characterization of defendant as a non-contact offender overlooks the fact that he was arrested on the underlying charges when he went to a local shopping mall to meet an individual, whom defendant believed to be a 14-year-old boy but was actually an undercover police officer, for the purpose of engaging in sex. Prior to his arrest, defendant had been chatting with this individual online and had sent this person pictures of neighborhood children and a sexually explicit video. By his own admission, defendant arrived at the shopping mall with a camera and intended to videotape the planned sexual encounter. In light of these considerations and the record documentation, we find [*3]that defendant failed to prove the existence of mitigating circumstances by a preponderance of the evidence, and, thus, County Court did not abuse its discretion in denying defendant's request for a downward departure nor in classifying defendant as a risk level three sex offender (see People v Mathews, 181 AD3d at 1105; People v Coe, 167 AD3d at 1177; People v Hebert, 163 AD3d 1299, 1300 [2018], lv denied 32 NY3d 909 [2018]; People v Scone, 145 AD3d 1327, 1329 [2016]). Defendant's remaining arguments in this regard have been examined and found to be lacking in merit.
Lynch, Clark, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.