People v Uhle (2023 NY Slip Op 05766)

People v Uhle

2023 NY Slip Op 05766

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

533195
[*1]The People of the State of New York, Respondent,
v
Austin P. Uhle, Appellant.

Calendar Date:October 13, 2023

Before:Egan Jr., J.P., Clark, Ceresia, McShan and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland, for respondent.

Powers, J.
Appeal from an order of the County Court of Cortland County (Julie A. Campbell, J.), entered December 23, 2020, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2019, defendant pleaded guilty to rape in the third degree. He was sentenced to 1½ years in prison to be followed by 10 years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that recommended, as relevant here, that defendant be scored 15 points under risk factor 12 (post-offense behavior: failure to accept responsibility and refusal to attend/expulsion from treatment) and 10 points under risk factor 13 (post-offense behavior: conduct while confined), presumptively classifying him as a risk level three sex offender (110 points). The People prepared an RAI that also presumptively classified defendant as a risk level three sex offender, with a score of 120, which, as relevant here, also included a recommendation that defendant be scored 15 points under risk factor 12 and further requested the addition of 20 points under risk factor 13 for unsatisfactory conduct while confined, with sexual misconduct. At the ensuing risk classification hearing, defendant objected to the assessment of any points under risk factor 12 and opposed the assessment of 20 points rather than 10 points under risk factor 13. Defendant further requested a downward departure to a risk level two classification, which the People opposed. County Court scored defendant with 120 points, adopting the assignment of points in the People's RAI, denied defendant's request for a downward departure and classified him as a risk level three sex offender.[FN1] Defendant appeals.
Defendant challenges the assessment of 15 points under risk factor 12 for the failure to accept responsibility, and the assessment of 20 points rather than 10 under risk factor 13 for conduct while confined. He further argues that points were improperly assessed under both risk factors for the same conduct. In assessing 15 points under risk factor 12, County Court relied upon the fact that defendant, while incarcerated, had been expelled from a sex offender program for unsatisfactory performance and possessing pornography, which has been recognized as "powerful evidence of the offender's continued denial and unwillingness to alter his behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006]). Contrary to his claim, his prison disciplinary violations did not prevent him from participating in treatment, as he was permitted, but initially declined, to rejoin treatment (cf. People v Ford, 25 NY3d 939, 939-941 [2015]). In addition, in assessing points under this risk factor, "the Board or [the] court should examine the offender's most recent credible statements [*2]and should seek evidence of genuine acceptance of responsibility" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006] [emphases added]). The court found that defendant had not genuinely accepted responsibility for his conduct, notwithstanding his guilty plea and admissions during his probation interview, which is supported by the record given defendant's preplea denials and efforts to minimize his misconduct and blame the victim until forensic evidence linked him to the charged crimes. Contrary to defendant's contention, the court did not rely on his prison disciplinary record in assessing points under risk factor 12. In view of the foregoing facts, the court properly assessed 15 points under risk factor 12 for failure to accept responsibility and expulsion from, and refusal to rejoin, treatment (see People v Adams, 216 AD3d 1376, 1377-1378 [3d Dept 2023], lv denied 40 NY3d 904 [2023]; People v LeBlanc, 207 AD3d 966, 967 [3d Dept 2022]; People v Arroyo, 202 AD3d 1212, 1213 [3d Dept 2022], lv denied 38 NY3d 910 [2022]; People v Hackel, 185 AD3d 1118, 1119 [3d Dept 2020]; People v Hebert, 163 AD3d 1299, 1300 [3d Dept 2018]).
With regard to risk factor 13, County Court properly assessed 20 points for unsatisfactory conduct while confined, with sexual misconduct, based upon defendant's prison disciplinary history consisting of a tier III sanction for violent conduct and four tier II sanctions including for possession of pornography (see People v Odell, 197 AD3d 1364, 1365 [3d Dept 2021], lv denied 37 NY3d 918 [2022]). Although defendant's failure to accept responsibility under risk factor 12 stemmed, in part, from his expulsion from treatment for possession of pornography, this did not amount to double counting inasmuch as there were other unrelated grounds supporting the assessment of points under that risk factor, namely, his preplea conduct and refusal, at least initially, to rejoin treatment (see People v Williamson, 181 AD3d 1100, 1102 [3d Dept 2020]; People v Ologbonjaiye, 109 AD3d 804, 804-805 [2d Dept 2013], lv denied 22 NY3d 857 [2013]). Accordingly, the imposition of 20 points under risk factor 13 was fully supported by the record.[FN2]
Although defendant is correct that County Court mistakenly applied the clear and convincing evidence standard to his request for a downward departure,[FN3] "remittal is unnecessary as the record is sufficient to enable this Court to review defendant's contentions under the proper standard" (People v Mathews, 181 AD3d 1103, 1105 [3d Dept 2020]; accord People v Dorvee, 203 AD3d 1413, 1415 [3d Dept 2022]; see People v Gillotti, 23 NY3d 841, 861, 864 [2014]). As the party seeking the downward departure from a presumptive risk classification, defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors underlying his request that are not adequately taken into consideration by the risk assessment guidelines (see People v Gillotti, 23 NY3d [*3]at 861; People v Dorvee, 203 AD3d at 1416; People v Lane, 201 AD3d 1266, 1267 [3d Dept 2022]). In seeking a departure, defendant relied upon his young age, lack of prior sex offenses, completion of a GED in prison and post-prison employment. However, defendant's young age at the time of the charged crimes is not a mitigating factor but, rather, it "is a factor associated with recidivism [given that] those who offend at a young age are more prone to reoffend" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006]). The fact that this was defendant's first conviction for a sex crime was taken into account under risk factor 9 (lack of prior sex crimes) and, moreover, the case summary reflects that his criminal history "involved [his] interactions with teen-aged girls in the community." Upon a review of the record under the proper standard, we do not find that there were mitigating factors present that were not adequately taken into consideration by the guidelines and, thus, we are satisfied that County Court did not abuse its discretion in denying the requested downward departure and in classifying defendant as a risk level three sex offender (see People v Gillotti, 23 NY3d at 861).
Egan Jr., J.P., Clark, Ceresia and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Although County Court did not issue the required written order containing its findings of fact and conclusions of law (see Correction Law § 168-n [3]), the court made sufficient oral findings and conclusions at the hearing, which are supported by the record, to permit intelligent review (see People v Richardson, 209 AD3d 1068, 1069 [3d Dept 2022], lv denied 39 NY3d 908 [2023]; People v Thompson, 206 AD3d 1391, 1392 [3d Dept 2022], lv denied 39 NY3d 902 [2022]).

Footnote 2: Even were defendant assessed 10 points under risk factor 13, as he urges, he would nonetheless remain a presumptive risk level three classification based upon a score of 110 points.

Footnote 3: Contrary to the People's assertions, defendant did expressly argue in favor of a downward departure from the presumptive risk level three classification to a risk level two classification. Further, addressing the People's misconceptions in response to defendant's appellate argument regarding the appropriate burden of proof applicable to his departure request, we emphasize that a dispute between the People and a defendant regarding how many points, if any, should be assigned under a risk factor is not, as the People argue, a request by either party for a departure from a presumptive risk level classification. Further, the burden of proof remains on the People to prove the existence of facts supporting the assignment of points under each risk factor and the overall presumptive risk level classification by clear and convincing evidence, and the People likewise must show the existence of aggravating factors supporting an upward departure by that same higher standard (see Correction Law § 168-n [3]; People v Gillotti, 23 NY3d 841, 861-863 [2014]). By contrast, where, as here, a defendant seeks a downward departure from the presumptive risk classification, the burden is to "prove the existence of the mitigating circumstances upon which he or she relies in advocating for a departure by a mere preponderance of the evidence" (People v Gillotti, 23 NY3d at 864; see People v Weber, 40 NY3d 206, 210 [2023]).