People v Aldous (2024 NY Slip Op 05003)

People v Aldous

2024 NY Slip Op 05003

Decided on October 10, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 10, 2024

CV-22-2142
[*1]The People of the State of New York, Respondent,
v
Asten A. Aldous, Appellant.

Calendar Date:September 6, 2024

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and Powers, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Peter A. Lynch, J.), entered August 9, 2022 in Albany County, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2014, defendant pleaded guilty to rape in the second degree and criminal possession of a weapon in the third degree. He was sentenced to seven years in prison, to be followed by 10 years of postrelease supervision. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assigned him a total of 65 points, presumptively classifying him as a risk level one sex offender. The Board recommended, however, that an upward departure to a risk level two sex offender classification was warranted. At the risk classification hearing, the People requested that claimant be assessed additional points under risk factors 1 and 13, which would result in a presumptive risk level two classification (85 points). Alternatively, the People sought an upward departure to a risk level two classification. Defendant challenged the additional assessment of points under risk factors 1 and 13 and, alternatively, requested a downward departure to a risk level one classification. Following the hearing, Supreme Court agreed with the People and assessed defendant an additional 10 points under both risk factor 1 (use of forcible compulsion) and risk factor 13 (unsatisfactory conduct while confined), classified him as a risk level two sex offender (85 points) and concluded that a downward departure was not warranted. Defendant appeals.
We affirm. Defendant contends that he should not have been assessed points under risk factor 1 for forcible compulsion. "In establishing risk level classification pursuant to SORA, the People bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (People v Salerno, 224 AD3d 1016, 1017 [3d Dept 2024] [internal quotation marks and citations omitted]; see People v Stammel, 227 AD3d 1322, 1323 [3d Dept 2024]). The SORA guidelines use terms as defined in the Penal Law (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8 [2006]). As such, according to the guidelines, "[f]orcible compulsion means to compel by either '(a) use of physical force or (b) a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person' " (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8 [2006], quotingPenal Law § 130.00 [8]; see People v Vasquez, 49 AD3d 1282, 1284 [4th Dept 2008]). "Discrepancies in age, size or strength are relevant factors in determining whether there was such compulsion" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8 [2006]; see People v Miller, 81 AD3d 1064, 1065 [3d Dept 2011]).
The 13[*2]-year-old victim testified at the grand jury hearing that defendant, the 23-year-old boyfriend of the victim's babysitter, came into the room where she was sleeping and took the victim's hand and used it to cover her mouth, telling her not to say anything or he would get mad.[FN1] According to the victim, defendant kept her hand over her mouth and then forcibly removed her pajama pants and engaged in sexual intercourse with the victim. The victim further testified that her admonitions for defendant to stop were muffled by him holding her hand over her mouth. Under these circumstances, we find that clear and convincing evidence supports the assessment of 10 points under risk factor 1 for use of forcible compulsion (see People v Jordan, 62 AD3d 1176, 1177 [3d Dept 2009], lv denied 16 NY3d 709 [2011]; People v LaRock, 45 AD3d 1121, 1122-1123 [3d Dept 2007]).
Defendant also challenges the 10 points assessed him under risk factor 13 for unsatisfactory conduct while confined. Defendant's prison disciplinary history includes seven tier II violations and two tier III violations, including a 2021 tier II violation for possessing pornography. Accordingly, we conclude that defendant was properly assessed points under risk factor 13 (see People v Odell, 197 AD3d 1364, 1365 [3d Dept 2021], lv denied 37 NY3d 918 [2022]; People v Griest, 133 AD3d 1062, 1063 [3d Dept 2015]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16-17 [2006]).
Finally, defendant contends that Supreme Court abused its discretion in denying his request for a downward departure. "As the party seeking the downward departure from a presumptive risk classification, defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors underlying his request that are not adequately taken into consideration by the risk assessment guidelines" (People v Uhle, 221 AD3d 1199, 1202 [3d Dept 2023] [citations omitted]). As the evidence in the record supports an assessment of points under risk factor 1 for forcible compulsion, defendant's otherwise unsupported allegation of consensual sex is without merit. As to his remaining contentions in support of a downward departure, defendant did not demonstrate that the sexual abuse he allegedly experienced as a child was a mitigating factor regarding his risk of recidivism (see People v Levy, 192 AD3d 928, 930 [2d Dept 2021], lv denied 37 NY3d 910 [2021]). Finally, defendant's completion of sex offender treatment and other vocational training, his stable living environment upon release and the support of his family are factors either taken into consideration by the risk assessment guidelines or do not warrant a downward departure (see People v Holton, 193 AD3d 1212, 1213 [3d Dept 2021]; People v Young, 186 AD3d 1546, 1548 [2d Dept 2020], lv denied 36 NY3d 907 [2021]).[FN2] Accordingly, we find that defendant failed to demonstrate mitigating circumstances by a preponderance of the evidence and[*3], therefore, Supreme Court did not abuse its discretion in denying defendant's request for a downward departure nor in classifying him as a risk level two sex offender (see People v Dorvee, 203 AD3d 1413, 1416 [3d Dept 2022]; People v Mathews, 181 AD3d 1103, 1105 [3d Dept 2020]). Defendant's remaining contentions have been reviewed and found to be without merit.
Garry, P.J., Egan Jr., Ceresia and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The record reflects that defendant was six feet, two inches tall and weighed 230 pounds, while the victim weighed 130 pounds.

Footnote 2: Although an offender's response to sex offender treatment can be the basis for a downward departure if the response was "exceptional" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]), defendant has made no such showing here (see People v Glowinski, 208 AD3d 1392, 1394 [3d Dept 2022]).