People v Hotaling (2026 NY Slip Op 01569)

People v Hotaling

2026 NY Slip Op 01569

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CV-24-1344
[*1]The People of the State of New York, Respondent,
vJared P. Hotaling, Appellant.

Calendar Date:February 18, 2026

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

Law Office of Maurice J. Verrillo, PC, Rochester (Maurice J. Verrillo of counsel), for appellant.
F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

Mackey, J.
Appeal from an order of the County Court of Broome County (Joseph Cawley, J.), entered June 21, 2024, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2016, defendant was charged in a 13-count indictment with, among other things, various sex crimes stemming from his contact with three underage victims. In satisfaction thereof, defendant pleaded guilty to attempted criminal sexual act in the first degree and was sentenced to eight years in prison, to be followed by 15 years of postrelease supervision. In advance of defendant's release from prison, the Board of Examiners of Sex Offenders submitted a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), that assigned him a total of 130 points, presumptively classifying him as a risk level three sex offender. In so doing, the Board assessed 10 points under risk factor 1 (use of violence) for use of forcible compulsion, 25 points under risk factor 2 (sexual contact with victim), 30 points under risk factor 3 (number of victims), 20 points under risk factor 4 (duration of offense conduct with victim), 30 points under risk factor 5 (age of victim) and 15 points under risk factor 9 (number and nature of prior crimes).
At the ensuing hearing, the People agreed with the Board's assessment but also sought to have defendant assessed an additional 10 points under risk factor 12 (acceptance of responsibility). Defendant challenged the points assessed by the Board in risk factors 1-5, and objected to an assessment of points under risk factor 12 for lack of notice that the People were seeking a different assessment than the Board. In the alternative, defendant sought a downward departure to a risk level one classification. County Court rejected the People's request for points to be assessed under risk factor 12 but upheld the 130 points assessed by the Board, classifying defendant as a risk level three sex offender with a sexually violent offender designation. The court denied defendant's request for a downward departure. Defendant appeals.
"In establishing the appropriate risk level classification under SORA, the People bear the burden of proving the facts supporting the determination sought by clear and convincing evidence" (People v Harvey, 202 AD3d 1296, 1296-1297 [3d Dept 2022] [internal quotation marks and citations omitted]; see People v Dority, 234 AD3d 1211, 1212 [3d Dept 2025]). In deciding whether the People have met this burden, County Court was not limited to the crime to which defendant pleaded guilty (see People v Roubik, 231 AD3d 1210, 1210-1211 [3d Dept 2024]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]) and could consider reliable hearsay information such as the case summary and statements provided by the victims to police (see People v Mingo, 12 NY3d 563, 571-577 [2009]; People v Eaglin, 227 AD3d 1283, 1284 [3d Dept 2024]; [*2]People v Fredenburg, 226 AD3d 1268, 1269 [3d Dept 2024]).
Initially, we reject defendant's challenge to the assessment of 10 points under risk factor 1 for use of forcible compulsion. Defendant pleaded guilty to attempted criminal sexual act in the first degree pursuant to Penal Law § 110.00 and Penal Law former § 130.50 (1) — a necessary element of which was forcible compulsion (see generally People v Dabney, 221 AD3d 624, 625 [2d Dept 2023], lv denied 41 NY3d 904 [2024]). "Inasmuch as 'facts previously elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be relitigated' for purposes of a sex offender registration determination" (People v Fredenburg, 226 AD3d at 1269 [brackets and ellipsis omitted], quoting Correction Law § 168-n [3]), the assessment of 10 points under risk factor 1 was proper. As to defendant's challenge to the 105 points assessed in risk factors 2 through 5, the case summary and the accounts provided to police by the three victims of the sexual contact, including sexual intercourse with one of the victims, perpetrated by defendant over the course of two years when the victims were between 10 and 14 years of age, supports County Court's assessment of points in those categories (see People v Snay, 122 AD3d 1012, 1013 [3d Dept 2014], lv denied 24 NY3d 916 [2015]).
Turning to the denial of defendant's request for a downward departure, although we agree with defendant that County Court mistakenly applied the clear and convincing evidence standard to the request, "remittal is unnecessary as the record is sufficient to enable this Court to review defendant's contentions under the proper standard" (People v Mathews, 181 AD3d 1103, 1105 [3d Dept 2020]; accord People v Dorvee, 203 AD3d 1413, 1415 [3d Dept 2022]). "As the party seeking the downward departure from a presumptive risk classification, defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors underlying his request that are not adequately taken into consideration by the risk assessment guidelines" (People v Uhle, 221 AD3d 1199, 1202 [3d Dept 2023] [citations omitted]; see People v Gillotti, 23 NY3d 841, 861 [2014]). Many of the factors that defendant relies on, including his conduct while incarcerated, his lack of prior sex offenses, his proof of a stable home environment and the restrictions that will be imposed as part of his postrelease supervision, are factors adequately taken care of by the risk assessment guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13-18 [2006]). "[T]o the extent that defendant relies on his successful completion of a sex offender treatment program while incarcerated, he failed to demonstrate that his response to such treatment was 'exceptional' in order for it to be a basis for a downward departure" (People v Glowinski, 208 AD3d 1392, 1394 [3d Dept 2022], quoting Sex Offender Registration [*3]Act: Risk Assessment Guidelines and Commentary at 17 [2006]; see People v Sanders, 228 AD3d 1184, 1186 [3d Dept 2024]). Further, "a score on the Static-99R or COMPAS instrument reflecting a low risk to reoffend may not, standing alone, be considered a mitigating factor" warranting a downward departure (People v Laboriel, 210 AD3d 916, 917 [2d Dept 2022], lv denied 39 NY3d 909 [2023]; see People v Roubik, 231 AD3d at 1213). Given the totality of circumstances, we find no abuse of discretion in the denial of defendant's request for a downward departure (see People v Roubik, 231 AD3d at 1213; People v Porter, 201 AD3d 1152, 1154 [3d Dept 2022], lv denied 38 NY3d 908 [2022]; compare People v Waterbury, 231 AD3d 201, 208-209 [3d Dept 2024]).
Reynolds Fitzgerald, J.P., Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.