Memorandum. On the prior appeals we considered the appellant’s argument that the Constitution prohibits the court from excluding evidence of comparable sales. We also considered the related argument that the award for the condemned properties should not be lower than the value placed on certain "inferior” comparables. The simple answer is that the proof submitted during the two trials of allegedly comparable sales did not involve property which could be considered in any way or on any analysis comparable to the condemned property. In other words the proffered comparables were neither inferior nor superior to the condemned property, but rather as we noted on the first appeal, they were so radically different in size, adjacent development and physical location "as to throw no helpful light on the fair market value of the land condemned” (28 NY2d 465, 471). This same point was noted by Justice Shapiro on the second appeal (44 AD2d 694). The appellant in effect asks that we reverse our prior determi *907 nations, but on the record there is absolutely no basis for doing so.
On this third appeal then, the Appellate Division quite properly rejected the reconsideration of these so-called "com-parables”. Since it has not been made to appear that the determination made by the Appellate Division was other than in conformity with the direction of this court in remitting the case to that court for reappraisal, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.