■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BROWN, Appellant. [846 NYS2d 678]—

Kane, J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered October 16, 2006, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 1997, defendant was convicted of attempted rape in the first degree, sexual abuse in the first degree and endangering the welfare of a child. In anticipation of his release from prison, the Board of Examiners of Sex Offenders evaluated defendant and presumptively classified him as a risk level two sex offender in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C), but recommended an upward departure to risk level three. Following a hearing, County Court agreed that an upward departure was warranted and classified defendant as a risk level three sex offender. On defendant's appeal, we affirm.

To justify an upward departure from a presumptive risk classification, an aggravating factor must exist which was not otherwise adequately taken into consideration by the risk assessment guidelines, and the court's finding of such a factor must be supported by clear and convincing evidence (*see People v Cruz*, 28 AD3d 819, 819 [2006]; *People v Kwiatkowski*, 24 AD3d 878, 879 [2005]; *People v Mount*, 17 AD3d 714, 715 [2005]). Here, several factors exist which reveal that the risk assessment instrument does not adequately portray defendant's circumstances.

While defendant was given points for a prior violent felony, the risk assessment instrument does not reflect the circumstances of that conviction for burglary in the first degree, whereby defendant entered a home and threatened a teenager with a knife while dressed in his underwear and a ski mask. Nor were additional points assessed for defendant's separate conviction of public lewdness. Each of these crimes, while not a sex offense for registration purposes (*see* Correction Law § 168-a [2]), has a sexual component. Although defendant was not assessed any points for having an inappropriate living environment, his intended residence after his release from prison was the trailer park where he committed not only the current offenses, but his prior burglary and act of public lewdness. Points were assessed for defendant's failure to accept responsibility, but his presentence investigation report reveals that he also failed to acknowledge that he committed the acts leading to his public lewdness conviction, and was evasive regarding the circumstances surrounding his burglary conviction.

The circumstances of his present convictions are also poorly elucidated by the risk assessment instrument. It appears that the Board only considered the attempted rape and sexual abuse convictions, not the endangering the welfare of a child conviction, as the latter does not fall within the definition of a sex offense for registration purposes (*see* Correction Law § 168-a [2]). But in this case, defendant's conviction of that offense was based on the presence of his victim's two children while he forced the victim to the ground, fondled her breasts and attempted to rape her, with his pants around his knees and his erect penis exposed. The presence of these children, ages four and six at the time, is not reflected in the points assessed under the categories for number of victims or age of victim; those categories only reflect one adult victim (*compare People v Garrison*, 38 AD3d 1099, 1100 [2007]). Based on all of the factors here not taken into account by the risk assessment instrument, an upward departure to risk level three was clearly warranted.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.