People v Huether (2022 NY Slip Op 03290)





People v Huether


2022 NY Slip Op 03290


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

531001
[*1]The People of the State of New York, Respondent,
v
Stephen Huether, Appellant.

Calendar Date:April 18, 2022

Before:Garry, P.J., Egan Jr., Colangelo, Ceresia and Fisher, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Ceresia, J.
Appeal from an order of the Supreme Court (Lynch, J.), entered July 17, 2019 in Albany County, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In full satisfaction of a 10-count indictment charging various sex crimes, defendant pleaded guilty to one count of attempted criminal sexual act in the first degree and was sentenced to a term of imprisonment. Prior to defendant's release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereafter RAI) that presumptively classified defendant as a risk level one sex offender (70 points). The People, in turn, prepared an RAI that presumptively classified defendant as a risk level two sex offender (100 points) and also sought an upward departure to risk level three. Following a hearing, Supreme Court scored defendant with 100 points under the RAI, resulting in a presumptive risk level two classification. The court also denied defendant's request for a downward departure and granted the People's request for an upward departure to a risk level three classification with a sexually violent offender designation. This appeal ensued.
"The People bear the burden of establishing the appropriate risk level classification by clear and convincing evidence" (People v Dorvee, 203 AD3d 1413, 1414 [2022] [citations omitted]; see People v Odell, 197 AD3d 1364, 1365 [2021], lv denied 37 NY3d 918 [2022]) and, to that end, may use reliable hearsay — including the RAI, case summary, presentence investigation report and statements made by the victim to law enforcement (see People v Pidel, 195 AD3d 1321, 1322 [2021], lv denied 37 NY3d 915 [2021]; People v Hackel, 185 AD3d 1118, 1119 [2020]) and to the grand jury (see People v Masi, 195 AD3d 1328, 1329 [2021]) — to meet their burden. With respect to the RAI itself, defendant initially notes, and the People concede, that Supreme Court incorrectly totaled the points imposed thereunder, as a result of which defendant should have been assessed a total of 90, rather than 100, points. That mathematical error, however, is of no aid to defendant, as the corrected score nonetheless results in a presumptive risk level two classification.
As to the specific points imposed, defendant challenges only the 20 points assessed under risk factor 6 — contending that the People's hearsay proof in this regard was not sufficiently reliable to establish that the victim suffered from, as relevant here, "a mental disability" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 11 [2006]; see Penal Law §§ 130.00 [5]; 130.05 [3] [b]). We disagree. In support of the points scored under this risk factor, the People relied upon the presentence investigation report, the arresting officer's statement and the sworn grand jury testimony of the then-18-year-old victim and her aunt. The victim's aunt, who described herself as the victim's advocate, testified regarding, among other things, [*2]the victim's educational level, the services being provided to her and the daily tasks with which she requires assistance. Contrary to defendant's assertion, we are satisfied that the aunt's testimony, coupled with other proof in the record, constituted reliable hearsay and warranted the imposition of 20 points under risk factor 6. Accordingly, we discern no basis upon which to disturb the presumptive risk level two classification.
With respect to defendant's request for a downward departure, "defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Hackel, 185 AD3d at 1119 [internal quotation marks and citations omitted]; see People v Lane, 201 AD3d 1266, 1267 [2022]; People v Green, 201 AD3d 1137, 1139 [2022], lv denied ___ NY3d ___ [Apr. 28, 2022]). This he failed to do. The fact that defendant completed sex offender treatment while confined and is subject to 15 years of postrelease supervision are factors already taken into account by the RAI "and, thus, cannot form the basis for a downward departure" (People v Green, 201 AD3d at 1139). Similarly, although a defendant's age and/or poor health may warrant a downward departure, defendant, who was 53 years old at the time of the hearing, failed to demonstrate that either his age or his health impaired his sexual function, decreased his risk of reoffending or otherwise resulted in an "overassessment of his risk to public safety" (People v Jimenez, 178 AD3d 1099, 1101 [2019], lv denied 35 NY3d 906 [2020]; see People v Green, 201 AD3d at 1139; People v Baez, 199 AD3d 1027, 1028 [2021], lv denied 38 NY3d 902 [2022]; compare People v Stevens, 55 AD3d 892, 894 [2008]). Finally, the fact that defendant was at a low risk to reoffend does not, in and of itself, constitute a mitigating factor (see People v Del-Carmen, 186 AD3d 878, 878-879 [2020], lv denied 36 NY3d 901 [2020]; see also People v Gulindo, 174 AD3d 444, 444 [2019]). Accordingly, Supreme Court properly declined defendant's request for a downward departure from the presumptive risk level two classification.
As for the People's request for an upward departure, "[a]n upward departure from a presumptive risk level classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Ross, 198 AD3d 1196, 1196 [2021] [internal quotation marks and citations omitted], lv denied 38 NY3d 903 [2022]; accord People v Courtney, 202 AD3d 1246, 1249 [2022]). The People's argument on this point centered upon defendant's familial relationship with the victim, his abuse of a position of trust in the context of that relationship and his possession of sexually explicit photographs of the victim. In this regard, both the risk assessment guidelines[*3](see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 & n 8 [2006]) and prevailing case law (see People v Rodriguez, 196 AD3d 43, 50-54 [2021], lv denied 37 NY3d 913 [2021]; People v Velasquez, 195 AD3d 762, 763 [2021]; cf. People v Cook, 29 NY3d 121, 126-130 [2017]) make clear "that the existence of a familial relationship between an offender and his or her victim, standing alone, does not constitute an adequate basis for an upward departure in the offender's risk level classification" (People v Rodriguez, 196 AD3d at 52) — a premise rooted in an analysis of risk factor 7 (relationship with the victim) and grounded upon the conclusion that "the inclusion of familial relationships in that risk factor was in fact expressly considered — and deliberately rejected — by the Board based on its determination that offenders who victimize family members do not pose the same risk of recidivism or danger to the community as offenders who target strangers" (id. at 50; see People v Cook, 29 NY3d at 126). A similar analysis has been employed relative to an abuse or betrayal of trust in the context of a familial relationship (see People v Cook, 29 NY3d at 128-129).
As the existence of a familial relationship cannot — by itself — form the basis for an upward departure, we are left to consider the balance of the People's proof, including the case summary and presentence investigation report, wherein defendant recounts — in a vulgar and cavalier fashion — the circumstances underlying the crime of conviction, and the victim's grand jury testimony regarding the pictures that defendant took of her. To our analysis, defendant's exploitation of and overall attitude towards the victim — as documented by his own statements — evidences a level of depravity not otherwise adequately taken into consideration by the risk assessment guidelines and, therefore, we have no quarrel with Supreme Court's decision to grant the People's request and classify defendant as a risk level three sex offender. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Colangelo and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.