People v Curry (2022 NY Slip Op 05360)

People v Curry

2022 NY Slip Op 05360

Decided on September 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 29, 2022

531271
[*1]The People of the State of New York, Respondent,
v
Michael Curry, Appellant.

Calendar Date:September 13, 2022

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Tina Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Supreme Court (Peter A. Lynch, J.), entered December 13, 2019 in Albany County, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to attempted rape in the first degree and was sentenced to a prison term of seven years followed by 10 years of postrelease supervision. The charge stemmed from an incident wherein defendant, in violation of an order of protection, engaged in sexual conduct with the victim. Although the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level one sex offender with a sexually violent offender designation, the Board and the People sought an upward departure to a risk level two classification. Following a hearing, Supreme Court granted that request and classified defendant as a risk level two sex offender with a sexually violent offender designation. Defendant appeals.
We affirm. Defendant challenges the granting of the request for an upward departure to a risk level two classification. In this regard, "an upward departure from a presumptive risk level classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Huether, 205 AD3d 1233, 1235 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see People v Lake, 182 AD3d 936, 937 [3d Dept 2020]). "An aggravating factor, in turn, is one which tends to establish a higher likelihood of reoffense or danger to the community than the presumptive risk level calculated on the risk assessment instrument" (People v Courtney, 202 AD3d 1246, 1249 [3d Dept 2022] [internal quotation marks, ellipsis and citations omitted]; see People v Ross, 198 AD3d 1196, 1196 [3d Dept 2021], lv denied 38 NY3d 903 [2022]). When assessing whether an upward departure is warranted, the court "may consider reliable hearsay evidence such as the case summary, presentence investigation report and risk assessment instrument, as well as [the] defendant's past misconduct and any other proof that a reasonable person would deem trustworthy" (People v Perry, 174 AD3d 1234, 1235 [3d Dept 2019] [internal quotation marks, ellipsis and citations omitted], lv denied 34 NY3d 905 [2019]; accord People v Ross, 198 AD3d at 1197).
Even assuming, without deciding, that defendant's "continuing pattern of violence while incarcerated" was encompassed by the risk assessment instrument — specifically, the points imposed under risk factor 13 — and therefore, should not have been considered by Supreme Court as a basis for the upward departure, the remaining aggravating factors cited by the People fully justified the upward departure to a risk level two classification (see People v Benton, 185 AD3d 1103, 1106 [3d Dept 2020], lv denied 35 NY3d 916 [2020[*2]]). The case summary and sworn statements from the victim and one of defendant's ex-girlfriends detail defendant's established history of domestic and sexual violence against his paramours, as well as a documented inability to obey the orders of protection put in place for their safety. Indeed, the violent and protracted nature of defendant's sexual assault in this matter is set forth in detail in the victim's sworn statement, wherein she recounts that defendant, among other things, choked her, obstructed her breathing and threatened to kill her. Additionally, the case summary and defendant's criminal history reveal that he committed the underlying offense while on probation, and defendant's documented behaviors dovetail with his psychological assessment, which suggests that he suffers from an impulse control disorder. Although defendant challenges the sufficiency of the People's proof of such disorder, his argument on this point blurs the important distinction between — and the nature of the proof required to establish — an "override" and a "departure" under the applicable guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-5, 19 [2006]). In short, as the People offered clear and convincing evidence of legitimate aggravating factors, Supreme Court did not abuse its discretion in granting the request for an upward departure to a risk level two classification (see e.g. People v Perry, 174 AD3d at 1235-1236). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., Clark, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.