People v Richardson (2022 NY Slip Op 05565)

People v Richardson

2022 NY Slip Op 05565

Decided on October 6, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 6, 2022

533141
[*1]The People of the State of New York, Respondent,
v
Jerome Richardson, Appellant.

Calendar Date:September 12, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Tina Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

Egan Jr., J.P.
Appeal from an order of the County Court of Albany County (Stephen W. Herrick, J.), entered August 5, 2015, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2012, defendant pleaded guilty to burglary in the third degree as a sexually motivated felony and was sentenced to four years in prison to be followed by 15 years of postrelease supervision. In preparation for his release from prison in 2015, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) under the Sex Offender Registration Act (see Correction Law art 6-C) that assigned him a total of 95 points and presumptively placed him in the risk level two classification, without a recommendation for an upward or downward departure. The People, in turn, prepared an RAI that presumptively classified defendant as a risk level two sex offender (105 points) and requested an upward departure to a risk level three classification.[FN1] Defendant contested the assessment of points under certain factors and requested a downward departure. Following a hearing, County Court agreed with the People's assessment of 105 points, placing him at a presumptive risk level two classification, but that an upward departure to a risk level three was warranted based upon various aggravating factors including defendant's history of sexual conduct. This appeal ensued.
We affirm. Initially, although County Court did not sufficiently set forth its findings of fact and conclusions of law in its written order, the court's oral findings and conclusions, which are supported by the record, permit intelligent review (see Correction Law § 168-n [3]; People v Shook, 199 AD3d 1177, 1178 [3d Dept 2021]; People v Headwell, 156 AD3d 1263, 1264 [3d Dept 2017], lv denied 31 NY3d 902 [2018]). Turning to the merits, defendant argues that County Court abused its discretion in granting the People's request for an upward departure because defendant's extensive criminal history was already taken into account within the RAI. We disagree.
"An upward departure from a presumptive risk level classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Ross, 198 AD3d 1196, 1196 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 38 NY3d 903 [2022]; accord People v Huether, 205 AD3d 1233, 1235 [3d Dept 2022]; People v Courtney, 202 AD3d 1246, 1249 [3d Dept 2022]). "An aggravating factor that may support an upward departure from an offender's presumptive risk level is one which tends to establish a higher likelihood of reoffense or danger to the community than the presumptive risk level calculated on the risk assessment instrument" (People v Ross, 198 AD3d at 1196 [internal quotation marks and citations omitted]; see People v Remonda, 158 AD3d 904, [*2]904 [3d Dept 2018], lv denied 31 NY3d 910 [2018]).
The record reflects that defendant has a history of committing offenses constituting public lewdness. Although "these offenses are not classified as 'sex crimes' for purposes of scoring on the risk assessment instrument, they have a sexual component" (People v LaPorte, 119 AD3d 758, 758 [2d Dept 2014], lv denied 24 NY3d 906 [2014]; see Correction Law § 168-a [2]; Penal Law § 245.00; People v Brown, 45 AD3d 1123, 1124 [3d Dept 2007], lv denied 10 NY3d 703 [2008]), and "[t]he commission of these offenses is an aggravating factor which tends to establish a higher likelihood of reoffense or danger to the community" (People v LaPorte, 119 AD3d at 758 [internal quotation marks and citation omitted]; see People v Brown, 45 AD3d at 1124). Upon determining by clear and convincing evidence the existence of this aggravating factor not adequately taken into account by the risk assessment guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]), we find that County Court providently exercised its discretion in granting the People's application for an upward departure (see People v Davis, 139 AD3d 1226, 1227 [3d Dept 2016]; People v LaPorte, 119 AD3d at 758; People v Brown, 45 AD3d at 1124).
Defendant's specific challenge to the 20 points assessed under risk factor 3 was not raised below and is therefore not preserved (see People v Ellis, 204 AD3d 1388, 1390 [4th Dept 2022]), and, even if it were properly before us, we would find that his contention "that the court erred in assessing points under risk factor 3 'is academic because, even without the 20 points at issue, defendant would still qualify as a level two risk'" (id. [brackets omitted], quoting People v Robinson, 160 AD3d 1441, 1442 [4th Dept 2018]; see People v Huether, 205 AD3d at 1233; People v Lacy, 185 AD3d 416, 417 [1st Dept 2020], lv denied 35 NY3d 916 [2020]; People v Colon, 146 AD3d 822, 823 [2d Dept 2017], lv denied 29 NY3d 904 [2017]; People v Riddick, 139 AD3d 1121, 1122 [3d Dept 2016]).
Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Although the People's initial RAI presumptively classified defendant as a risk level three sex offender with 125 points, the People subsequently amended that score by reducing it by 20 points, to 105 points.