People v Maurer (2023 NY Slip Op 05290)

People v Maurer

2023 NY Slip Op 05290

Decided on October 19, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 19, 2023

533074
[*1]The People of the State of New York, Respondent.
v
Matthew Maurer, Appellant.

Calendar Date:September 13, 2023

Before:Garry, P.J., Egan Jr., Aarons, McShan and Mackey, JJ.

David E. Woodin, Catskill, for appellant.
Joseph Stanzione, District Attorney, Catskill (Danielle D. McIntosh of counsel), for respondent.

McShan, J.
Appeal from an order of the County Court of Greene County (Charles M. Tailleur, J.), entered July 22, 2020, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
On May 28, 2019, defendant pleaded guilty to attempted sexual abuse in the first degree, a felony, admitting that, in 2016, when he was 30 years old, he attempted to subject an 11-year-old child to sexual contact and was thereafter sentenced to a prison term of 1½ years to be followed by seven years of postrelease supervision. At the time of that crime, defendant was a risk level two registered sex offender under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), based upon 2011 convictions of forcible touching stemming from conduct against three underage victims, for which he was sentenced to six years of probation. Also on May 28, 2019, defendant pleaded guilty to failure to register or verify as a sex offender, based upon his failure to timely report a change of address as a sex offender, a felony, for which he was sentenced to a one-year jail term, to be served concurrently with the prison sentence (see Correction Law § 168-f [4]). Based upon the attempted sexual abuse conviction, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) under SORA that assigned a total of 100 points with designations as a sexually violent offender and a predicate offender, presumptively placing him in the risk level two classification, and recommended an upward departure to a risk level three classification. The People in turn prepared an RAI that presumptively classified defendant as a risk level three sex offender (115 points) and, in the alternative, sought an upward departure to a risk level three if he were not scored as a risk level three sex offender. Following a hearing, County Court scored defendant with 100 points under the RAI,[FN1] denied defendant's request for a downward departure and granted the People's request for an upward departure to a risk level three classification with both sexually violent offender and predicate offender designations. This appeal ensued.
At the outset, we find that defendant's challenge that County Court improperly based the upward departure upon factors already considered in the RAI scoring is without merit. "An upward departure from a presumptive risk level classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Richardson, 209 AD3d 1068, 1069-1070 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 908 [2023]; see People v Gillotti, 23 NY3d 841, 861 [2014]). "An aggravating factor, in turn, is one which tends to establish a higher likelihood of reoffense or danger to the community than the presumptive risk level calculated [*2]on the [RAI]" (People v Courtney, 202 AD3d 1246, 1249 [3d Dept 2022] [internal quotation marks, ellipsis and citations omitted]; see People v Curry, 208 AD3d 1560, 1561 [3d Dept 2022], lv denied 39 NY3d 905 [2022]). "When assessing whether an upward departure is warranted, the court may consider reliable hearsay evidence such as the case summary, presentence investigation report and [RAI], as well as [statements made by the victims to law enforcement,] the defendant's past misconduct and any other proof that a reasonable person would deem trustworthy" (People v Curry, 208 AD3d at 1561 [internal quotation marks, brackets and citations omitted]; see Correction Law §§ 168-d [3]; 168-n [3]; People v Mingo, 12 NY3d 563, 571-572 [2009]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]).
County Court concurred with the Board's assessment, captured in its case summary, that "[d]efendant's persistent sexually motivated violation of young girls from an early age well into his adulthood despite multiple probationary interventions at least one of which included specialized sex offender therapy" is a factor not adequately considered in the RAI scoring. The individualized factors that defendant argues are already encompassed by the RAI are not the equivalent to the premise underlying that consideration, which more precisely refers to defendant's willingness to offend despite his awareness of the consequences of his conduct and his participation in treatment intended to correct his behavior. Further, although juvenile delinquency adjudications may not be considered as crimes in assessing points for criminal history in the RAI, the underlying facts could properly be considered by County Court in determining whether to depart from the presumptive risk level (see People v Updyke, 133 AD3d 1063, 1064 [3d Dept 2015]; People v Shaffer, 129 AD3d 54, 55-56 [3d Dept 2015]).[FN2] Lastly, the RAI addresses only "prior criminal history"; "concurrent or subsequent criminal history is not covered . . . [and] may [provide] the basis for an upward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]). Thus, the court could properly consider defendant's failure to comply with previously imposed sex offender registration requirements and his concurrent conviction for failure to register his address as a sex offender in assessing the propriety of an upward departure.
However, defendant also argues that County Court improperly based its upward departure on certain factors for which he was not provided any notice — namely, his concurrent conviction for failing to register, the facts underlying his juvenile delinquency adjudication and his persistent violations despite probationary intervention — and we agree in part. It is well established that due process requires that sex offenders receive notice and an opportunity to be heard at their risk classification proceedings (see People v Baxin, 26 NY3d [*3]6, 10 [2015]; People v David W., 95 NY2d 130, 138 [2000]). As it pertains to notice, Correction Law § 168-n (3) requires that "[i]f the district attorney seeks a determination that differs from the recommendation submitted by the [B]oard, at least [10] days prior to the determination proceeding the district attorney shall provide to the court and the sex offender a statement setting forth the determinations sought by the district attorney together with the reasons for seeking such determinations." "Proper notice is essential to achieve SORA's goal that an offender arrive at the hearing informed of the bases for the Board's and the District Attorney's recommendations and is also afforded an opportunity to challenge the grounds propounded by both. Otherwise, an offender would prepare for the hearing solely relying on the Board's determinations, factor by factor and point assessment by point assessment, without advance knowledge of the reasoning upon which the District Attorney will rely in support of a different offender designation, risk classification or underlying grounds" (People v Worley, 40 NY3d 129, 135 [2023]).
In their RAI submitted prior to the hearing, the People indicated that the specific bases upon which they would rely in seeking an upward departure included defendant's history of criminal convictions and unsuccessful probationary interventions, along with, in sum and substance, his failure to accept responsibility, the latter of which is already encompassed by the delineated RAI factors (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]). While that language was sufficient to place defendant on notice that his persistent sexually-motivated criminal conduct would be relied upon by the People as a factor for upward departure, there is no similar indication that his concurrent conviction for failure to register along with the facts underlying his juvenile delinquency adjudication would be considered for that specific purpose.[FN3] In this respect, "defendant was entitled to a sufficient opportunity to consider and muster evidence in opposition to the request for an upward departure" on the specific bases upon which the People, and consequently County Court, would rely in considering that relief (People v Worley, 40 NY3d at 136). County Court's decision in this case makes clear, however, that the totality of circumstances — including those factors that were not specifically identified by the People as bases for their request for an upward departure from defendant's presumptive classification — supported its determination to grant the People's request. As defendant did not have notice or a fair opportunity to present arguments and evidence pertaining to those factors in the context of whether upward departure from the presumptive classification was warranted, the matter must be remanded for a new hearing, upon proper notice to defendant of the justifications relied upon by the People specific to their [*4]request for such relief.
Garry, P.J., Egan Jr., Aarons and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Greene County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: County Court adopted the Board's scoring recommendations, declining to assess points for failure to accept responsibility under risk factor 12 as assigned by the People's RAI.

Footnote 2: Youthful offender adjudications may be considered as part of a defendant's criminal history for the purposes of SORA (see People v Francis, 30 NY3d 737, 747-750 [2018]).

Footnote 3: While the Board's case summary identified the concurrent sentence and facts underlying defendant's past criminal history as factors included in its overall assessment, they were not specifically identified as grounds for an upward departure, nor did the People adopt such factors as the basis for same during the hearing.