People v Shufelt (2024 NY Slip Op 00010)

People v Shufelt

2024 NY Slip Op 00010

Decided on January 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 4, 2024

535947
[*1]The People of the State of New York, Respondent.
v
Wayne Shufelt, Appellant.

Calendar Date:November 14, 2023

Before:Egan Jr., J.P., Pritzker, Fisher, McShan and Powers, JJ.

Steven M. Sharp, Albany, for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Fisher, J.
Appeal from an order of the County Court of Albany County (William T. Little, J.), entered July 20, 2022, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2013, defendant pleaded guilty to burglary in the second degree as a sexually motivated felony, in connection with an incident wherein he entered the residence of a sleeping stranger at night, sexually assaulted her while the victim's husband was asleep in the same room and then attempted to flee from the scene, resulting in a physical altercation until the police arrived. Pursuant to the terms of the plea agreement, defendant was sentenced to 10 years in prison, to be followed by 15 years of postrelease supervision, and was certified as a sex offender under the Sex Offender Registration Act (see Correction Law article 6—C [hereinafter SORA]). County Court (Ackerman, J.) denied defendant's subsequent CPL 440.10 motion seeking to vacate the SORA registration requirement imposed upon the basis that the conviction was not a SORA registerable offense.
In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI), assessing defendant 90 points and, thus, presumptively classifying him as a risk level two sex offender. The People prepared their own RAI assigning him a total of 95 points, again resulting in a presumptive risk level two classification, but arguing that an upward departure was warranted. Defendant opposed, again arguing that his underlying conviction is not a registerable offense under SORA and, in the alternative, that a downward departure was appropriate. Following a hearing, at which County Court (Little, J.) declined to further consider defendant's arguments related to registrability, the court found that defendant was presumptively classified as a risk level two sex offender, but that an upward departure to a risk level three classification was appropriate. This appeal ensued.
Initially, defendant's primary challenge to his risk level classification is based upon his contention that he was improperly certified as a sex offender because his underlying conviction is not subject to SORA registration. However, although a defendant may challenge his or her certification as a sex offender on direct appeal of the judgment of conviction (see People v Hernandez, 93 NY2d 261, 267 [1999]), a defendant cannot challenge his or her certification as a sex offender in an appeal from an order designating his or her risk level (see People v Matos, 209 AD3d 19, 26 [2d Dept 2022], lv denied 39 NY3d 905 [2022]; People v Miguel, 140 AD3d 497, 497 [1st Dept 2016], lv denied 28 NY3d 908 [2016]; see also People v Marxuach, 210 AD3d 815, 815 [2d Dept 2022], lv denied 39 NY3d 911 [2023]). To be sure, certification of a defendant as a sex offender occurs "upon conviction" (Correction Law § 168-d [1] [a]), and it has been well established that SORA registration is [*2]not a part of the sentence imposed and is instead merely a collateral consequence — of which the "extent and nature" is unknown until classification — of the conviction (People v Gravino, 14 NY3d 546, 556 [2010]; see People v Buyund, 37 NY3d 532, 539, 541 [2021]; People v Cook, 29 NY3d 114, 119 [2017]; People v Belliard, 20 NY3d 381, 386 [2013]). To the extent that defendant contends that his time to raise such challenge on a direct appeal has expired, which is a product of the SORA registration and classification system, such claim does not support providing him with an alternative to a direct appeal — nor is defendant without other mechanisms to challenge his certification (see People v Matos, 209 AD3d at 26-27).As such, defendant's challenge to his SORA registration is not properly before us and such claim is therefore denied(see id. at 26; People v Miguel, 140 AD3d at 497).
Turning to defendant's challenge relating to the upward departure to a risk level three classification, we note that such upward departure "is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Richardson, 209 AD3d 1068, 1069-1070 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 908 [2023]). Such aggravating factors are those "which tend[ ] to establish a higher likelihood of reoffense or danger to the community than the presumptive risk level calculated on the [RAI]" (People v Courtney, 202 AD3d 1246, 1249 [3d Dept 2022] [internal quotation marks, ellipsis and citations omitted]). "When assessing whether an upward departure is warranted, the court may consider reliable hearsay evidence such as the case summary, presentence investigation report and [RAI], as well as the defendant's past misconduct and any other proof that a reasonable person would deem trustworthy" (People v Curry, 208 AD3d 1560, 1561 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 39 NY2d 905 [2022]).
Here, County Court's decision to grant an upward departure was based upon the People's evidence, notably defendant's prior criminal history and the facts relating to the instant offense. Specifically, this included consideration of defendant's three prior offenses in 1998, when he engaged in behavior and conduct similar to the underlying offense by entering or attempting to enter the residence of a female victim and for the purpose to commit a sexual assault. It was further noted in the other offenses that defendant had randomly observed the victims — all of whom were unknown to him — and stalked them prior to his attacks. In addition to these occurrences, the court acknowledged the bold nature of the instant offense, occurring while the victim was helpless, her husband was sleeping next to her and that there was a physical confrontation between the husband and defendant [*3]until the police arrived at the scene. County Court recognized that these facts are not accounted for in the RAI, and therefore supported an upward departure due to defendant's threat to the community, risk of recidivism and his dangerous propensity to commit a sexually-motivated home invasion. Based on the foregoing, we find that there was no abuse of discretion in County Court's conclusion that an upward departure to a risk level three classification was warranted (see People v Richardson, 209 AD3d at 1070; People v Curry, 208 AD3d at 1562; People v Courtney, 202 AD3d at 1249). We have examined defendants' remaining contentions, and have found them to be without merit or rendered academic.
Egan Jr., J.P., Pritzker, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.