People v Furgeson (2024 NY Slip Op 04644)

People v Furgeson

2024 NY Slip Op 04644

Decided on September 26, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 26, 2024

535364
[*1]The People of the State of New York, Respondent,
v
Michael J. Furgeson, Appellant.

Calendar Date:September 5, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Angela Kelley, East Greenbush, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.

Aarons, J.
Appeal from an order of the County Court of Tompkins County (John C. Rowley, J.), entered January 7, 2022, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2009, defendant pleaded guilty to course of sexual conduct against a child in the first degree and was sentenced to 15 years in prison, to be followed by 10 years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a case summary and risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assessed a total of 75 points, presumptively classifying defendant as a risk level two sex offender. In so doing, however, the Board requested an upward departure to a risk level three classification on the grounds that the RAI did not take into account his offense conduct that began at an early age, which included sexual contact with a family member who was a child and other foster children, and defendant's 2009 presentence interview statement that he was a danger to the community and could not be trusted to not reoffend. The People adopted the Board's assessment completely. Following a hearing, at which defendant did not contest the assessment of points but opposed the requested upward departure, County Court granted the People's request for an upward departure to a risk level three classification with a sexually violent offender designation. Defendant appeals.
"An upward departure from a presumptive risk level classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Maurer, 220 AD3d 1061, 1062 [3d Dept 2023] [internal quotation marks and citations omitted]). "An aggravating factor, in turn, is one which tends to establish a higher likelihood of reoffense or danger to the community than the presumptive risk level calculated on the RAI" (id. [internal quotation marks, brackets and citations omitted]). "Upon such a showing, the court makes a discretionary determination whether the overall circumstances warrant a departure to prevent an underassessment of the offender's risk of sexual recidivism and dangerousness" (People v Norris, 223 AD3d 1060, 1061 [3d Dept 2024] [internal quotation marks and citations omitted]). "When assessing whether an upward departure is warranted, the court may consider reliable hearsay evidence such as the case summary, presentence investigation report and [RAI], as well as [statements made by the victims to law enforcement,] the defendant's past misconduct and any other proof that a reasonable person would deem trustworthy" (People v Curry, 208 AD3d 1560, 1561 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 39 NY3d 905 [2022]; see Correction [*2]Law §§ 168-d [3]; 168-n [3]; People v Mingo, 12 NY3d 563, 571-572 [2009]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]).
Defendant argues, among other things, that County Court improperly granted the People's request for an upward departure on the basis of certain grounds not raised or advanced by the Board or the People. "It is well established that due process requires that sex offenders receive notice and an opportunity to be heard at their risk classification proceedings" (People v Maurer, 220 AD3d at 1063 [citations omitted]). "[A] court's sua sponte departure from the Board's recommendation at the hearing, without prior notice, deprives the defendant of a meaningful opportunity to . . . respond" (People v Maus, 162 AD3d 1415, 1417 [3d Dept 2018] [internal quotation marks and citation omitted]). "Proper notice is essential to achieve SORA's goal that an offender arrive at the hearing informed of the bases for the Board's and the [People]'s recommendations and is also afforded an opportunity to challenge the grounds propounded by both. Otherwise, an offender would prepare for the hearing solely relying on the Board's determinations, factor by factor and point assessment by point assessment, without advance knowledge of the reasoning upon which the [People] will rely in support of a different offender designation, risk classification or underlying grounds" (People v Worley, 40 NY3d 129, 135 [2023]; accord People v Maurer, 220 AD3d at 1063).
In granting the People's request for an upward departure, County Court agreed with the People's position that the RAI failed to adequately capture four aggravating factors — the two aforementioned factors identified in the Board's case summary, plus defendant's purported past drug and alcohol abuse and defendant's statements during sentencing blaming the victims for his crimes.[FN1] However, County Court sua sponte relied upon certain additional factors for which defendant was not provided any notice — namely, that the points assessed under factor 4 did not adequately account for defendant's prolonged course of conduct that continued over 21 months; that defendant was not scored any points under factor 7, which did not take into account defendant's relationship with the mother of the victim that was arguably established or promoted for the primary purpose of victimizing the mother's child; and that defendant's psychiatric conditions and history increase his risk of reoffending.
With regard to these three additional areas of concern noted by County Court, "defendant was entitled to a sufficient opportunity to consider and muster evidence in opposition to the request for an upward departure" on the specific bases upon which County Court would rely in considering that relief (People v Worley, 40 NY3d at 136; see People v Maurer, 220 AD3d at 1064). "As defendant did not have notice or a fair opportunity to present arguments and evidence pertaining to those factors [*3]in the context of whether upward departure from the presumptive classification was warranted, the matter must be remanded for a new hearing, upon proper notice to defendant of the justifications relied upon by the People [and/or court] specific to their request for such relief" (People v Maurer, 220 AD3d at 1064; cf. People v Wilke, 181 AD3d 1324, 1325 [4th Dept 2020]). Defendant's remaining arguments are academic in light of our determination.
Clark, J.P., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Tompkins County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The People concede, and we agree, that there is no basis to include evidence of occasional or social drug or alcohol consumption as part of the consideration of aggravating factors in support of their request for an upward departure (see People v Brown, 178 AD3d 1167, 1167-1168 [3d Dept 2019]; People v Saunders, 156 AD3d 1138, 1139 [3d Dept 2017]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]).