People v Morin (2024 NY Slip Op 05677)

People v Morin

2024 NY Slip Op 05677

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

638 KA 23-01199

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER S. MORIN, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Monroe County Court (Michael L. Dollinger, J.), entered May 23, 2023. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining, inter alia, that he is a level two sex offender pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.).
Defendant contends that County Court erred in granting an upward departure from his presumptive classification as a level one risk. We reject that contention. It is well settled that a court may grant an upward departure from a sex offender's presumptive risk level when the People establish, by clear and convincing evidence (see Correction Law § 168-n [3]; People v Gillotti, 23 NY3d 841, 861-862 [2014]), the existence of "an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006] [Guidelines]; see People v Vaillancourt, 112 AD3d 1375, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]).
Here, the evidence at the SORA hearing established that defendant used his position as a basketball and softball coach to gain access to and groom his victims. At least one minor female was identified as having been coached by defendant in sixth grade and seventh grade before defendant began sending her sexually explicit communications during the summer before she entered ninth grade. In addition, even after he was suspended from coaching, defendant continued to use his former players to gain access to additional minors. The court did not err in concluding that defendant's use of "his position of trust as a . . . coach to gain access to underage girls" constituted an aggravating factor of a kind or to a degree not adequately taken into account by the Guidelines (see People v Symonds, 147 AD3d 1325, 1326 [4th Dept 2017], lv denied 29 NY3d 909 [2017]; People v Botindari, 107 AD3d 1607, 1607-1608 [4th Dept 2013]).
Nor did the court err in concluding that defendant's conduct while confined constituted an aggravating factor of a kind or to a degree not adequately taken into account by the Guidelines (see People v Sherard, 73 AD3d 537, 537 [1st Dept 2010], lv denied 15 NY3d 707 [2010]; cf. People v Curry, 208 AD3d 1560, 1561-1562 [3d Dept 2022], lv denied 39 NY3d 905 [2022]; see generally People v Ford, 25 NY3d 939, 941-942 [2015]). Despite the issuance of an order directing that he have no contact with anyone under the age of 18, defendant continued his attempts to communicate with a minor female by sending letters to a third party with directions on how to evade detection. Defendant explained in one such letter how the minor could go about [*2]purchasing a new phone number so that he could surreptitiously contact her while he was in custody, and how she could obtain a fake identification card that she could use to visit him. We conclude on this record that, contrary to defendant's contention, the People established, by clear and convincing evidence, an increased likelihood of recidivism based upon the presence of aggravating factors not adequately taken into consideration by the Guidelines (see Gillotti, 23 NY3d at 861).
In addition, contrary to defendant's contention, the court did not fail to weigh the aggravating and mitigating factors to determine whether the totality of the circumstances warranted an upward departure (see generally id.). Although the court did not explicitly set forth in its decision the alleged mitigating factors raised by defendant, there is "nothing in the record . . . to suggest that the . . . court did not exercise [its] discretion" in that respect (People v Howard, 27 NY3d 337, 342 [2016]). Indeed, the court explicitly determined that a level one risk classification was "not appropriate in this case" because it would "not accurately reflect [defendant's] risk to re-offend or threat to public safety" (see Gillotti, 23 NY3d at 861).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court