People v Fitzpatrick (2025 NY Slip Op 01958)

People v Fitzpatrick

2025 NY Slip Op 01958

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-05707

[*1]The People of the State of New York, respondent, 
v
Conor Fitzpatrick, appellant.

Joanna I. Karlitz, White Plains, NY, for appellant.
Susan Cacace, District Attorney, White Plains, NY (Virginia A. Marciano and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Westchester County (Robert J. Prisco, J.), dated May 21, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On July 13, 2023, the defendant was convicted in the United States District Court for the Eastern District of Virginia, upon his plea of guilty, of, inter alia, possession of child pornography (see 18 USC § 2252[a][4][B]; [b][2]). In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court, after a hearing, assessed the defendant 30 points on the risk assessment instrument, rendering him a presumptive level one sex offender. However, the court granted the People's application for an upward departure from the presumptive risk level and designated him a level two sex offender. The defendant appeals.
"The standards required for [an upward] departure are well settled: the court must first determine whether the aggravating factors identified by the People are, as a matter of law, of a kind or to a degree not adequately taken into account by the Guidelines" (People v Rodriguez, 196 AD3d 43, 48; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "This is 'a legal question for the court, based upon an interpretation of the Guidelines and SORA'" (People v Rodriguez, 196 AD3d at 48, quoting People v Wyatt, 89 AD3d 112, 121). "Significantly, to permit an upward departure, the aggravating factors 'must tend to establish a higher likelihood of reoffense or danger to the community'" (id. at 49, quoting People v Wyatt, 89 AD3d at 123), "and '[w]here the alleged factor[s] [are] taken into account by the Guidelines or [are] not related to the risk of reoffense and danger to the community, as a matter of law a departure is not warranted'" (id. [internal quotation marks omitted], quoting People v Curry, 158 AD3d 52, 58). "Next, the court must determine whether the People have established, by clear and convincing evidence, the actual existence of the aggravating factors in the particular case before the court" (id.; see Correction Law § 168-n[3]; People v Gillotti, 23 NY3d at 861-862). "Assuming the foregoing requirements have been satisfied, the court is then vested with the discretion to grant the upward departure, but it is not obligated to do so. Rather, in consideration of the unique circumstances presented by each case, 'the court must exercise its discretion by weighing the aggravating . . . factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's [*2]dangerousness and risk of sexual recidivism'" (People v Rodriguez, 196 AD3d at 49, quoting People v Gillotti, 23 NY3d at 861; see People v Sincerbeaux, 27 NY3d 683, 690).
Here, the People established the existence of aggravating factors not adequately taken into account by the Guidelines that justified an upward departure. Specifically, a presentence investigation report and the case summary prepared by the Board of Examiners of Sex Offenders indicated, inter alia, that the defendant was previously directed by the Federal Bureau of Investigation in 2019 to cease exchanging explicit images over the Internet, but the defendant continued to download child pornography. Contrary to the defendant's contention, the People proved, by clear and convincing evidence, the actual existence of the aggravating factors since they were adequately described in the presentence investigation report and case summary (see People v Curry, 208 AD3d 1560, 1561; People v Vasquez, 189 AD3d 1480, 1481). The County Court providently exercised its discretion in concluding that the totality of the circumstances warranted an upward departure (see People v Gillotti, 23 NY3d at 861; People v Burkhardt, 215 AD3d 696, 697).
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court