People v Newkirk (2025 NY Slip Op 05131)

People v Newkirk

2025 NY Slip Op 05131

Decided on September 25, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 25, 2025

CV-24-0118
[*1]The People of the State of New York, Respondent,
v
David Newkirk, Appellant.

Calendar Date:September 9, 2025

Before:Garry, P.J., Aarons, Fisher, McShan and Mackey, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Fisher, J.
Appeal from an order of the County Court of Albany County (Andra Ackerman, J.), entered July 25, 2023, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2005, defendant was indicted and charged with three counts each of rape in the first degree and sexual abuse in the first degree. Defendant ultimately was convicted of three counts each of attempted rape in the first degree and sexual abuse in the first degree and was sentenced to a lengthy term of imprisonment (75 AD3d 853, 854 [3d Dept 2010], lv denied 16 NY3d 834 [2011]). In anticipation of defendant's release from prison in 2023, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) that presumptively classified defendant as a risk level one sex offender (35 points) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). The People then prepared their own RAI, which assessed 20 additional points under risk factors 12 (acceptance of responsibility) and 13 (conduct while confined) and sought an upward departure to a risk level two classification. As relevant here, defendant contested the additional points imposed under risk factors 12 and 13 and opposed the People's request for an upward departure. County Court accepted the People's points assessment, granted their request for an upward departure, denied defendant's corresponding request for a downward departure and classified defendant as a risk level two sex offender with a sexually violent offender designation. This appeal by defendant ensued.
Defendant, as so limited by his brief, contends that County Court erred in imposing 10 points under risk factor 12 and, further, in granting the People's request for an upward departure. The People bear the burden of establishing a defendant's risk level classification by clear and convincing evidence (see People v Kraft, 229 AD3d 1016, 1017 [3d Dept 2024]; People v Stammel, 227 AD3d 1322, 1323 [3d Dept 2024]) and, to that end, may utilize reliable hearsay, including the RAI, case summary and presentence report (see People v Thomas, 226 AD3d 1292, 1293 [3d Dept 2024], lv denied 42 NY3d 905 [2024]; People v Huether, 205 AD3d 1233, 1234 [3d Dept 2022], lv denied 39 NY3d 901 [2022]). With respect to the points assessed under risk factor 12, the record reflects that although defendant made a generalized statement of remorse shortly before the start of his risk level classification hearing, such statement evinces limited insight into his offenses and/or the impact of his conduct upon the victim. Similarly, although defendant successfully completed a sex offender treatment program while incarcerated, his discharge summary reflects that he received the lowest possible score for acceptance of responsibility — with the numerical ranking corresponding to "the least competency/understanding in this area." The record further reflects that defendant historically and consistently denied that the [*2]offending conduct occurred, attempted to portray the victim as promiscuous and concocted what County Court aptly described as "an objectively absurd story" regarding one of the subject incidents in which he portrayed the victim as the aggressor (see e.g. People v Hackel, 185 AD3d 1118, 1119 [3d Dept 2020]). Under these circumstances, clear and convincing evidence supports the finding that defendant did not genuinely accept responsibility for his actions (see generally People v Uhle, 221 AD3d 1199, 1200-1201 [3d Dept 2023]) and, therefore, the 10 points assessed under risk factor 12 were entirely proper (see People v LeBlanc, 207 AD3d 966, 967-968 [3d Dept 2022]; People v Arroyo, 202 AD3d 1212, 1213 [3d Dept 2022], lv denied 38 NY3d 910 [2022]) — resulting in a presumptive risk level one classification.
As for the People's request for an upward departure to a risk level two classification, "[a]n upward departure from a presumptive risk level classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Richardson, 209 AD3d 1068, 1069 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 908 [2023]; accord People v Norris, 223 AD3d 1060, 1061 [3d Dept 2024]; see People v Shufelt, 223 AD3d 966, 968 [3d Dept 2024], lv denied 41 NY3d 909 [2024]). "An aggravating factor, in turn, is one which tends to establish a higher likelihood of reoffense or danger to the community than the presumptive risk level calculated on the RAI" (People v Norris, 223 AD3d at 1061 [internal quotation marks, brackets and citations omitted]; accord People v Maurer, 220 AD3d 1061, 1062 [3d Dept 2023]).
As we previously have held, "the existence of a familial relationship between an offender and his or her victim, standing alone, does not constitute an adequate basis for an upward departure in the offender's risk level classification" (People v Huether, 205 AD3d at 1235 [internal quotation marks and citation omitted]; see People v Velasquez, 195 AD3d 762, 763 [2d Dept 2021]). "A similar analysis has been employed relative to an abuse or betrayal of trust in the context of a familial relationship" (People v Huether, 205 AD3d at 1236 [citation omitted]; see People v Mota, 165 AD3d 988, 989 [2d Dept 2018], lv denied 32 NY3d 917 [2019]). However, the case summary, the victim's grand jury and trial testimony and the presentence report collectively "evidence[ ] a level of depravity not otherwise adequately taken into consideration by the risk assessment guidelines," thereby warranting an upward departure to a risk level two classification (People v Huether, 205 AD3d at 1236). Specifically, the record reflects that defendant jimmied the lock on the victim's door to gain access to her bedroom, took partially-nude pictures of her, watched adult videos in her bedroom, blamed the victim [*3]by portraying her as promiscuous and, following one sexual encounter with the victim, stated, "[t]hat's for sneaking off to [a] boy's house."[FN1] Under these circumstances, County Court's decision to grant the People's request and classify defendant as a risk level two sex offender will not be disturbed. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Defendant does not directly address the denial of his request for a downward departure to a risk level one classification, contending instead that his age, health and alleged physical infirmities militate against an upward departure to a risk level two classification. The record, however, is devoid of proof that "either defendant's age or his allegedly deteriorating health renders him less likely to commit sex crimes in the future" (People v Kaminski, 208 AD3d 1395, 1397 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 39 NY3d 905 [2022]; see People v Lashway, 226 AD3d 1270, 1271-1272 [3d Dept 2024]; People v Huether, 205 AD3d at 1235).